# MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2016, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Shaun T. Olsen
OlsenCampbell Ltd.
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Ray L. Szarmach
Merrillville, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Castlewood Property Owners Association, Inc.,

*Appellant-Plaintiff,*

v.

Leticia Guerra-Danko,

*Appellee-Defendant.*

August 5, 2016

Court of Appeals Case No. 45A03-1508-PL-1105

Appeal from the Lake Superior Court

The Honorable William E. Davis, Judge

Trial Court Cause No. 45D05-1007-PL-62

**Baker, Judge.**

We grant rehearing for the limited purpose of acknowledging that the panel was of three different minds in reaching our original decision in this matter. That has not changed. As explained in our original decision, the three judges on this panel are of the following distinct opinions:

- Judge Baker believes that the Architectural Review Committee (ARC) did not exercise its powers in a reasonable manner. In his opinion, Paragraph 12 of the restrictive covenant was not ambiguous, but the ARC behaved unreasonably in withholding its approval in this case. Judge Baker concluded that the trial court's order entering judgment in favor of Leticia Guerra-Danko was not contrary to law, and affirmed that judgment.
- Judge May believes that Paragraph 12 of the restrictive covenant was ambiguous as to whether it applied to modifications of existing structures or only to new buildings or structures. Therefore, she is of the opinion that Guerra-Danko did not need ARC approval before replacing her siding. She agreed that the trial court's judgment should be affirmed.
- Judge Brown believes that Paragraph 12 is not ambiguous and that Guerra-Danko needed ARC approval. She is also of the opinion that the ARC's decision to disapprove of Guerra-Danko's siding modification request was not unreasonable. Therefore, Judge Brown would find that the trial court's order was contrary to law and would reverse.

As two of the three judges on the panel voted to affirm the trial court's judgment, the trial court's original order in favor of Guerra-Danko stands. If the parties have questions regarding Ms. Guerra-Danko's future siding installation, we refer them to the trial court's order. As for Castlewood's remaining questions on rehearing, we simply refer both parties back to our original decision.

May, J., and Brown, J., concur.